REDACTED COPY

FILED
2014 MY 21 AM 11:28
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

UNITED STATES OF AMERICA

v.

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

Cause No.

**INDICTMENT**

[VIO: COUNT ONE: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846, Conspiracy to Possess With Intent to Distribute Marijuana; COUNT TWO: 21 U.S.C. § 952 & 960(a)(1), 960(b)(1)(G) and 963, Conspiracy to Import Marijuana; COUNT THREE: 959(a), 960(a)(1)&(b)(2), and 963, Unlawful Distribution of Marijuana-Extraterritorial; COUNTS FOUR and FIVE: 18 U.S.C. § 1956 (h): Conspiracy to Launder Money.]

**DR14CR0687**

THE GRAND JURY CHARGES:

COUNT ONE
[21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846]

Beginning on or about January 31, 2010 until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

knowingly, and intentionally and unlawfully combined, conspired, confederated and agreed with others known and unknown to possess with the intent to distribute a controlled substance, which offense involved a quantity of 1000 kilograms or more of a mixture or substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) & (b)(1)(A) and 846.

COUNT TWO
[21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(G) & 963]

Beginning on or about January 31, 2010 until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, into the United States from Mexico contrary to Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G).

COUNT THREE
[21 U.S.C. §§ 959(a), 963, 960(a)(1) and (b)(1)]

Beginning on or about January 31, 2010 until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, intending and knowing that said controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 963, and 960(a)(1) and (b)(1).

COUNT FOUR

[18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1)(A)(i)]

Beginning on or about January 31, 2010 until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is conspiracy to possess with intent to distribute marijuana and conspiracy to import marijuana in violation of Title 21, United States Code, Section 846 and 963, with the intent to promote the carrying on of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h) and Section 1956(a)(1)(A)(i).

COUNT FIVE
[18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(2)(A)]

Beginning on or about January 31, 2010 until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

JORGE ANTONIO MARTINEZ, aka "El Panico" and "Chaparro"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, to transport and attempt to transport, transmit, and transfer U.S. currency from the United States to a place outside the United States, that is, the Republic of Mexico, knowing that the transportation was designed to promote the carrying on of specified unlawful activity, that is conspiracy to possess with intent to distribute marijuana and conspiracy to import marijuana all in violation of Title 21, United States Code, Section 846 and 963, all in violation of Title 18, United States Code, Section 1956(h) and Section 1956(a)(2)(A).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**

**I.**
**Controlled Substance Forfeiture Statutes and Violations**
**[Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952(a), 959(a), 960(a)(1), 960(b)(1), 960(b)(1)(G), 963; subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2). *See* Fed. R. Crim. P. 32.2]**

As a result of the foregoing criminal violations set forth in Counts One, Two, and Three, which are punishable by imprisonment for more than one year, Defendant JORGE ANTONIO MARTINEZ, shall forfeit the below listed property to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and (a)(2), which state the following:

> **§ 853 Criminal forfeitures**
> **(a) Property subject to criminal forfeiture**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provisions of State law–
>
> > **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described in the paragraphs below.

**II.**
**Money Laundering Forfeiture Statutes and Violations**
**[Title 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1956(h); subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1). *See* Fed. R. Crim. P. 32.2]**

As a result of the foregoing criminal violations set forth in Counts Four and Five, which are punishable by imprisonment for more than one year, Defendant JORGE ANTONIO MARTINEZ, shall forfeit the below listed property to the United States pursuant to Title 18, United States Code, Section 982(a)(1), which states the following:

> **§ 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in

violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described in the paragraphs below.

## III.
## Money Judgment

A sum of money equal to **Five Hundred Thousand Dollars and No Cents ($500,000.00)**, representing the amount of proceeds obtained, directly or indirectly, as a result of the violations and any property involved in the violations set out in the above-described Counts and for which Defendant JORGE ANTONIO MARTINEZ is liable.

## V.
## Substitute Assets

If any of the properties described above, as a result of any act or omission of Defendant JORGE ANTONIO MARTINEZ:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America to seek forfeiture of any other property, to include the above-described properties, up to the value of the money judgment as substitute assets pursuant to Title 21, United States Code, Section 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

ROBERT PITMAN
United States Attorney

By: ______________________
MICHAEL C. GALDO
Assistant United States Attorney

SEALED:
UNSEALED: XX

DR 14 CR 0687

**PERSONAL DATA SHEET**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

COUNTY: MAVERICK USAO #: 2013R22096

DATE: May 21, 2014 MAG. CT. #: DR14-5768M

AUSA: MICHAEL C. GALDO

DEFENDANT: JORGE ANTONIO MARTINEZ

CITIZENSHIP: U.S.

INTERPRETER NEEDED: YES LANGUAGE: SPANISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: DATE OF ARREST:

BENCH WARRANT NEEDED: NO

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1: 21 U.S.C. 841(a)(1) & (b)(1)(A) and 846, Conspiracy to possess with intent to distribute marijuana; Count 2: 21 U.S.C. § 952 & 960(a)(1), 960(b)(1)(G) and 963, Conspiracy to Import Marijuana; Count 3: 21 U.S.C. 959(a), 960(a)(1)&(b)(2) and 963, Unlawful Distribution of Marijuana- Extraterritorial; Counts 4 and 5: 18 U.S.C. 1956(h), Conspiracy to Commit Money Laundering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Counts 1-3: 10 years to life imprisonment; up to $5 million fine; at least 5 years of supervised release; Counts 4 and 5: 0 to 20 years imprisonment, fine the greater of $500,000 or twice the amount involved in the offense; 3 years supervised release; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE W/DT-CR-3